IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>OPAL TECHNOLOGIES, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. AMD 00 CV 843<br>)<br>)<br>) |

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

1. This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, and testimony adduced at trial, matters in evidence and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2. In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that party in good faith believes contains trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts



to keep confidential or which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "RESTRICTED MATERIAL," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below. CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose. No RECORDS which evidence the acquisition or distribution of Microsoft software and/or components thereof by the defendants, including but not limited to invoices and purchase orders, shall be designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

3. RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

    a. the attorneys working on this action on behalf of any party, including in-house attorneys;

    b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

    c. any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

    d. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  e. any witnesses and their attorneys who appear for deposition or trial in this matter, , upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

  f. the Court.

4. RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

  a. the attorneys working on this action on behalf of any party, including in-house attorneys;

  b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

  c. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  d. any witnesses and their attorneys who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

  e. the Court.

5. Notwithstanding any other provisions of this Order, Microsoft and Opal may (a) use and disclose CONFIDENTIAL MATERIAL in order to investigate and/or prosecute criminal or civil actions involving copyright or trademark infringement against parties or entities other than the defendants in this matter and may provide CONFIDENTIAL MATERIAL to law enforcement officials upon such officials' request; and (b) use and disclose RECORDS which

3

indicate or refer to suppliers or purchasers of genuine or purported Microsoft software or any other items or components which bear any of the Microsoft trademarks at issue in this matter for purposes of investigation and institution of civil or criminal proceedings against any party, including parties other than the defendants in this action.

6. The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be maintained by counsel for the parties hereto of the names of all persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court upon request and by opposing counsel upon a court order or at the end of the litigation. The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Similar but separate lists shall also be maintained with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists. The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order. Furthermore, nothing in this paragraph should be construed in

such a way as to allow the parties to circumvent other aspects of this Agreement regarding the disclosure of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

7. Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

8. The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

9. Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

    a. In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

    b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED

MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL; if no designation is made within fourteen (14) days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

      c.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

      10.      A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved,

the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

11.     Whenever RECORDS or transcripts of deposition testimony are filed with this Court in this litigation which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all pleadings, motions, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS, the person filing such RECORDS shall designate to the Clerk that all or a designated portion thereof is subject to this Order, and shall submit a Motion and accompanying Order pursuant to Local Rule 105.11, that the RECORDS be kept under seal, except that upon the default of the filing party to so designate and move, any party may do so.

12.     In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13.     Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

15. Within sixty (60) days of the termination of litigation, including all appeals, between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it or shall be destroyed.

16. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

17. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof.

IT IS SO ORDERED:

_____
District Court Judge

12/7/2000

Approved as to form and content:

_____
Elizabeth W. Fleming
Brian K. McCalmon
Attorneys for Plaintiff

Dated: 12/5/2000

_____
Gerard J. Gaeng
Lee S. Kaminetz
Attorney for Defendants

Dated: 12/5/00

9

ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2000, <u>Microsoft Corporation v. Opal Technologies, Inc.</u>, Case No. AMD 00-CV-843, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Maryland for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated: _____, 2000